## AUGUST A. PETRICH v. EDWARD F. BERKNER.[1]

### May 29, 1919.

### No. 21,198.

**Memorandum not a guaranty of sale of mortgage.**

1. Defendant procured a purchaser willing to buy plaintiff's farm, but only on condition that he could give a second mortgage due in 14 years for part of the price. Plaintiff desired cash. To induce plaintiff to sell on these terms, defendant signed and gave plaintiff this memorandum: "I agree to sell a second mortgage for August Petrich on March 1st." On receipt of this, plaintiff signed the contract of sale on the terms mentioned. *Held*, the memorandum was not a contract of guaranty. It was a memorandum of an enforceable agreement to sell the second mortgage which plaintiff was to take and to sell it at its face value.

**Measure of damages — charge to jury — harmless error.**

2. Specific performance was not a proper remedy. It does not appear that defendant can perform. The proper remedy is in damages. The measure of damages is the difference between the face of the mortgage and the amount for which it could be sold. The court instructed the jury that, if plaintiff recovered, the verdict should be for the

[1]Reported in 172 N. W. 770.

amount of the mortgage. This was not excepted to. Plaintiff still has the mortgage and offered to transfer it to defendant. If this is done the result will be the same as though the proper measure of damages had been given. There was no reversible error.

Action in the district court for Brown county for specific performance of a contract, or, in case defendant failed to perform, for $3,815. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion for a directed verdict of "no cause of action," and a jury which returned a verdict for $4,096.04. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Pfaender & Erickson,* for appellant.
*Albert Hauser,* for respondent.

HALLAM, J.

1. Plaintiff owned a quarter section of land in Brown county. Defendant was a land agent. Plaintiff listed his land with defendant for sale. In September, 1916, defendant secured a purchaser willing to buy the land for $18,515, to pay $1,000 down, $1,000 March 1, 1917, assume a mortgage then upon the land, and to give a second mortgage for $3,815 due March 1, 1931. Plaintiff refused to accept these terms because of the time of payment of the second mortgage, but was willing to sell if assured of his cash above the first mortgage on March 1, 1917. Thereupon and to meet this situation and to secure plaintiff's assent to the sale, defendant gave plaintiff this writing: "Sept. 1st, 1916. I agree to sell a second mortgage for August Petrich on March 1st. Edward F. Berkner." Plaintiff then signed the contract of sale, agreeing to give a deed on March 1, and to accept the terms above mentioned. Defendant was interested to the extent of a commission of $800, which amount he received in cash out of the initial payment of $1,000. On March 1 the parties again met to close the transaction. Defendant was too busy to draw the papers and attend to their execution, and plaintiff and the purchaser procured another to do so. The deed was given and the second mortgage taken. Defendant declined to comply with the

terms of the agreement to sell the mortgage and plaintiff brought this action to enforce his rights under the agreement.

These parties, unfamiliar with legal forms, reduced their understanding to writing in a crude way. But there was no doubt in their own minds, and there can be none in the minds of anyone who reads the record of the case, as to what they desired to accomplish, and we see no reason why the court should not give effect to their purpose.

Defendant contends that the agreement, if one was made, was a contract of guaranty, or a promise to answer for the debt of another, and that it was void under the statute of frauds. It was in no sense a contract of guaranty. It was a memorandum of a contract, made upon a sufficient consideration, to sell a mortgage which plaintiff was to take on the sale of his land. There is no requirement that such an agreement be in writing.

Defendant contends that the agreement was too indefinite and uncertain for enforcement. The memorandum standing alone is not sufficient. But there is evidence of an oral agreement which is sufficient. In fact we think that the memorandum itself, when taken in connection with the attendant facts and circumstances, was sufficiently definite. It does not on its face identify the mortgage which defendant was to sell, but the surrounding circumstances make it clear that the memorandum was intended to refer to the second mortgage which the contract of sale obligated plaintiff to take. It does not state the price at which the mortgage was to be sold, but we think that in view of the fact that its purpose was to assure to plaintiff the purchase price of his land in cash, an agreement to sell it at face value must be implied.

2. There may be some doubt as to plaintiff's proper remedy or as to the relief to which he is entitled. Plaintiff's counsel was evidently in doubt as to this when he drew his complaint. In his prayer for relief he asked for specific performance of the contract and also for a money judgment for the amount of the mortgage.

Specific performance is not the proper remedy. It is not shown that the defendant can perform. See Baumgartner v. Corliss, 115 Minn. 11, 131 N. W. 638; 36 Cyc. 752, 753. But the facts alleged and proved entitle plaintiff to some relief. In our opinion the proper remedy was in damages. The court charged the jury that if plaintiff was entitled

to recover at all, the verdict should be for $3,815, the amount of the mortgage and interest. This was not technically the proper measure of damages. The measure of damages was the difference between the face of the mortgage and its market value. But no exception was taken to this portion of the charge, and, since plaintiff still has the mortgage and has offered to transfer it to the defendant, the result will be the same as though the correct rule of damages had been applied. We think there was no reversible error in the case. The judgment should provide for the surrender of the note and mortgage on payment of the judgment.

Order affirmed.